DA 07-0172

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 170N

JEAN ROBERTSON, nka JEAN WHITELAW,
JACQUELINE HANSON, JAMES JESS,
and JOSEPH JESS,

        Plaintiffs and Appellees,

    v.

JOAN BINDER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DV 05-003
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Randy Homer Randolph, Attorney at Law; Havre, Montana

        For Appellees:

            Keith A. Maristuen & Ann B. Penner, Bosch, Kuhr, Dugdale,
Martin & Kaze, PLLP; Havre, Montana

Submitted on Briefs:  April 24, 2008

Decided:  May 13, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Joan Binder (Binder) appeals from the District Court's order creating a constructive trust in favor of Jean Whitelaw (Whitelaw) and Jacqueline Hanson (Hanson) in the Twelfth Judicial District, Hill County. We affirm.

¶3    In 1998, Eleanore Jess (Jess) executed a quitclaim deed to convey her residence located at 1016 Grant Avenue in Havre, Montana to herself and her three daughters: Binder, Whitelaw, and Hanson. The sisters shared an understanding that, following Jess's death, they would sell the residence and equally divide the profits, in accord with Jess's will. Binder lived in the home and provided care for Jess. In 2001, the property was conveyed to Binder, individually. The purpose of the 2001 conveyance was to remove the residence from Jess's assets to enable Jess to receive maximum Medicaid benefits if it became necessary for her to live in a nursing home, while still allowing Binder to live in the residence. The sisters understood that, after Jess's death, Binder would re-convey the property and restore Whitelaw's and Hanson's interests in the residence.

2

¶4     Following Jess's death, Binder announced her decision not to re-convey the property to her sisters. Whitelaw and Hanson sued Binder and claimed that Binder had used fraud, deception, and misrepresentation to induce them to quitclaim their interests in the property. Following a bench trial, the District Court concluded that Binder had not defrauded her sisters, but that allowing Binder to keep sole possession of the residence would amount to unjust enrichment. Thus, the District Court created a constructive trust on the property for the benefit of Whitelaw and Hanson. Binder appeals.

¶5     We review a district court's findings of fact to determine whether they are clearly erroneous, and we review a district court's conclusions of law for correctness. *In re Estate of McDermott*, 2002 MT 164, ¶ 22, 310 Mont. 435, ¶ 22, 51 P.3d 486, ¶ 22. Constructive trusts arise "when a person holding title to property is subject to an equitable duty to convey it to another" because "the person holding title would be unjustly enriched" if the person were permitted to retain the property. Section 72-33-219, MCA.

¶6     Binder asserts that the District Court erred in creating a constructive trust for her sisters. Binder asserts that, to create a constructive trust, the District Court had to determine that Binder would be unjustly enriched and that creation of the trust was lawful. Relying on *Kauffman-Harmon v. Kauffman*, 2001 MT 238, 307 Mont. 45, 36 P.3d 408, Binder contends that the trust is unlawful under the principles of judicial estoppel and the clean-hands doctrine. Binder asserts that Jess, Whitelaw, and Hanson transferred the property to Binder solely to circumvent creditors and to allow Jess to

3

receive Medicaid benefits. Binder claims that her sisters seek to benefit at the expense of potential creditors and Medicaid.

¶7 The District Court made no findings or conclusions that indicate Whitelaw or Hanson were involved in any lawless activity. On the contrary, the court found "this transfer to be typical of those being made by families as parents near the need for nursing home placement." The District Court found that Whitelaw and Hanson gave up their interests in the property not only to qualify Jess for Medicaid, but also for Binder's temporary benefit.

¶8 The court found Whitelaw and Hanson to be credible witnesses, but found that Binder was "not credible as she is one who takes advantage of a situation when it [suits] her." The court found that Binder had benefited from the home for several years prior to Jess's death and continued to benefit by using the home as her residence following Jess's death, with no payment to her mother or her sisters. The court determined that any benefit Binder was to receive from Jess or Whitelaw and Hanson had been "clearly satisfied by her lengthy residence in the home. Now she is maintaining occupancy and ownership so as to be unjustly enriched."

¶9 Our review of the record convinces us that the District Court's findings of fact are not clearly erroneous, and we agree with the District Court that Binder's continued sole ownership and occupancy of the residence amounted to unjust enrichment. Further, we conclude that Binder's reliance on *Kauffman-Harmon*, the clean-hands doctrine, and principles of judicial estoppel are inapplicable to this case as the property transfers at

4

issue complied with Medicaid law. Thus, we conclude that the District Court committed no error when it created a constructive trust in favor of Whitelaw and Hanson under § 72-33-219, MCA.

¶10 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence; the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶11 We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE